**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Menqiong Liou,<br><br>            Plaintiff,<br><br>v.<br><br>Maricopa County Community College District, Board of,<br><br>            Defendant. | No. CV-15-01166-PHX-NVW<br><br>**ORDER** |

Plaintiff, who enrolled in a Mesa Community College online course in the fall of 2013, alleges that his professor, Ray Moore, repeatedly failed to respond to emails requesting help with assignments.  (Doc. 1 at 2.)  When Plaintiff complained to the school's dean of instruction, the dean of internet instruction, the chairman of the Maricopa County Community College District's Governing Board, and the college president, all these administrators allegedly declined to intervene.  (*See id.* at 2-3.) Plaintiff thereafter filed suit on June 24, 2015, alleging he "was deliberately denied equal access and an equal opportunity to participate in a college course," in violation of the Equal Educational Opportunities Act ("EEOA").  (*Id.* at 2, 4.)  Because the "allegations in the Complaint clearly do not allege a basis for federal jurisdiction or state a claim upon which relief can be granted," the court on June 29, 2015, ordered Plaintiff to show cause why this action should not be dismissed for lack of federal jurisdiction.  (Doc. 4.)

In a response dated July 9, 2015, Plaintiff alleges for the first time that by ignoring his requests for help, Professor Moore and college administrators discriminated against

Plaintiff on the basis of his race or national origin. (*See* Doc. 5.) Therefore, Plaintiff argues, Defendant is liable under the EEOA.

The "Unlawful Practices" section of the EEOA establishes six bases for liability under the act:

> No State shall deny equal educational opportunity to an individual on account of his or her race, color, sex, or national origin, by—
> (a) the deliberate segregation by an educational agency of students on the basis of race, color, or national origin among or within schools;
> (b) the failure of an educational agency which has formerly practiced such deliberate segregation to take affirmative steps, consistent with subpart 4 of this title [20 USCS §§ 1712 et seq.], to remove the vestiges of a dual school system;
> (c) the assignment by an educational agency of a student to a school, other than the one closest to his or her place of residence within the school district in which he or she resides, if the assignment results in a greater degree of segregation of students on the basis of race, color, sex, or national origin among the schools of such agency than would result if such student were assigned to the school closest to his or her place of residence within the school district of such agency providing the appropriate grade level and type of education for such student;
> (d) discrimination by an educational agency on the basis of race, color, or national origin in the employment, employment conditions, or assignment to schools of its faculty or staff, except to fulfill the purposes of subsection (f) below;
> (e) the transfer by an educational agency, whether voluntary or otherwise, of a student from one school to another if the purpose and effect of such transfer is to increase segregation of students on the basis of race, color, or national origin among the schools of such agency; or
> (f) the failure by an educational agency to take appropriate action to overcome language barriers that impede equal participation by its students in its instructional programs.

20 U.S.C. § 1703. Each of these prohibitions applies only to an "educational agency," which is defined elsewhere as "a local educational agency or a 'State educational agency' as defined by section 801(k) of the Elementary and Secondary Education Act of 1965." *Id.* § 1720(a). A "local educational agency," in turn, "means a local educational agency

as defined by section 801(f) of the Elementary and Secondary Education Act of 1965" (the "ESEA"). *Id.* § 1720(b). For purposes of the ESEA, the "term 'State educational agency' means the agency primarily responsible for the State supervision of public elementary schools and secondary schools." *Id.* § 7801(41). Likewise, the ESEA defines a "local educational agency" as "a public board of education or other public authority legally constituted within a State for either administrative control or direction of, or to perform a service function for, public elementary schools or secondary schools in a city, county, township, school district, or other political subdivision of a State, or of or for a combination of school districts or counties that is recognized in a State as an administrative agency for its public elementary schools or secondary schools." *Id.* § 7801(26)(A).

As this chain of cross-references makes clear, the EEOA covers only actions taken by elementary and secondary schools. It does not in terms apply to post-secondary schools such as those within Defendant's purview. Accordingly, even if Defendant's agents or employees did discriminate against Plaintiff by refusing to respond to his requests for assistance—and even if discrimination of this kind is cognizable under the EEOA—the Complaint does not state a claim under that statute.

Nor does the Complaint allege, as any disparate treatment claim must, that Defendant treated students of different races or national origins differently. It therefore appears unlikely that there is anything Plaintiff could allege in an amended complaint that would state a claim under either the EEOA or any other statute. Nevertheless, given that Plaintiff is proceeding in propria persona, the court will permit Plaintiff twenty-one days in which to file an amended complaint that properly pleads a cause of action under federal law. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) ("Unless it is absolutely clear that no amendment can cure the defect, however, a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."). Following the filing of an amended complaint, no further requests for leave to amend will be granted.

IT IS THEREFORE ORDERED that Plaintiff may file by August 14, 2015, an amended complaint that states a claim under federal law.  If by that date Plaintiff has not filed any amended complaint, the Clerk shall terminate this case.

Dated this 20th day of July, 2015.

*[signature]*
Neil V. Wake
United States District Judge